IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| GREGORY KREHBIEL, | * | |
| PLAINTIFF, | * | |
| v. | * | Civil Action No. RDB-21-2927 |
| BRIGHTKEY, INC., | * | |
| | * | |
| DEFENDANT. | | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Plaintiff Gregory Krehbiel ("Krehbiel" or Plaintiff") brings this employment-related case against Defendant BrightKey, Inc. ("BrightKey" or "Defendant") seeking monetary damages for discrimination based on his race and political opinion in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.*; 42 U.S.C. § 1981; the Maryland Fair Employment Practices Act ("MFEPA"), Md. Code Ann., State Gov't § 20-602, *et seq.*; and Howard County Code § 12.208. Krehbiel also asserts claims for breach of contract and negligent misrepresentation. Presently pending is Defendant BrightKey's Motion to Dismiss (ECF No. 20). The parties' submissions have been reviewed, and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2021). For the reasons that follow, Defendant BrightKey's Motion to Dismiss (ECF No. 20) is GRANTED. Specifically, Plaintiff's employment discrimination claims in Count I of the Amended Complaint are DISMISSED WITH PREJUDICE, and Plaintiff's state law claims of political opinion discrimination, breach of contract, and negligent misrepresentation in Counts II, III and IV

are DISMISSED WITHOUT PREJUDICE, as this Court declines to exercise supplemental jurisdiction over them.

## BACKGROUND

In ruling on a motion to dismiss, this Court "accept[s] as true all well-pleaded facts in a complaint and construe[s] them in the light most favorable to the plaintiff." *Wikimedia Found. v. Nat'l Sec. Agency*, 857 F.3d 193, 208 (4th Cir. 2017) (citing *SD3, LLC v. Black & Decker (U.S.) Inc.*, 801 F.3d 412, 422 (4th Cir. 2015)). Plaintiff Gregory Krehbiel is a citizen of Maryland and a former employee of Defendant BrightKey, Inc., a Maryland corporation with its primary place of business in Howard County, Maryland. (Am. Compl., ECF No. 17 ¶¶ 3-4.) Krehbiel, who is white, is a "publishing, marketing, fulfillment, and operations professional." (*Id.* ¶¶ 3, 5.) In December 2019, BrightKey retained Krehbiel as a consultant. (*Id.*) In February 2020, BrightKey hired Krehbiel as a full-time employee with the title of Vice President of Operations. (*Id.*) Krehbiel's primary tasks in that role consisted of supervising and overseeing client support and warehouse operations. (*Id.*) Shortly after beginning work at BrightKey, Krehbiel received a $10,000 bonus in recognition of the excellence of his work. (*Id.*)

Outside of his work at BrightKey, Krehbiel hosted a podcast series with a friend in which the two assessed craft beers and discussed various issues of the day, including "controversial public issues." (*Id.* ¶ 6.) Before he began as a full-time employee at BrightKey, Krehbiel spoke with BrightKey President Rita Hope Counts to make her aware of the podcast and to ensure that it would not be objectionable to the company. (*Id.*) Krehbiel alleges that Counts told him that "what he did on his own time was his business and would

not affect his employment at BrightKey." (*Id.*) Krehbiel then accepted an offer of full-time employment at BrightKey. (*Id.* ¶ 7.)

In two podcast episodes released later in 2020, Krehbiel and his co-host discussed government policies regarding diversity initiatives and hate crimes legislation. (*Id.* ¶ 8.) Krehbiel "expressed skepticism" about the propriety of such policies. (*Id.*) These episodes attracted the attention of other BrightKey employees, "who objected strenuously to a white person like [Krehbiel] expressing such views." (*Id.* ¶ 9.) Those employees demanded that BrightKey terminate Krehbiel's employment and walked off their jobs in order to pressure BrightKey into taking such action. (*Id.* ¶¶ 9-10.) Krehbiel alleges that BrightKey "quickly acceded to the wishes of the objecting employees" and fired him. (*Id.* ¶ 11.) After he was fired, Krehbiel had difficulty finding work and lost income and his employer-supplied health insurance. (*Id.* ¶ 12.) He also suffered depression, insomnia, and emotional distress. (*Id.* ¶ 13.)

On December 22, 2020, Krehbiel timely filed an administrative complaint with the Howard County Office of Human Rights and Equity alleging discrimination on the basis of race and political opinion. (*Id.* ¶ 14.) Finding no discrimination, the Equal Employment Opportunity Commission issued Krehbiel a right to sue letter on or around October 6, 2021. (*Id.* ¶ 15.) On November 15, 2021, Krehbiel filed his original Complaint in this Court. (ECF No. 1.) On January 3, 2022, Krehbiel filed the operative Amended Complaint. (ECF No. 17.)

## STANDARD OF REVIEW

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P 8(a)(2). Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The purpose of Rule 12(b)(6) is "to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).

To survive a motion under Fed. R. Civ. P. 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) (quoting *Bell Atl., Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Under the plausibility standard, a complaint must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013). A complaint need not include "detailed factual allegations." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A complaint must, however, set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if . . . [the] actual proof of those facts is improbable and . . . recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556 (internal quotations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to plead a claim. *Iqbal*, 556 U.S. at 678; *see A Soc'y Without a Name v. Virginia*, 655 F.3d 342, 346 (4th. Cir. 2011).

## ANALYSIS

**I.     Race Discrimination Claims (Count I)**

Plaintiff's race-based employment discrimination claims are subject to dismissal. Under Title VII, it is unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his [or her] compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). To state a prima facie claim of race discrimination under Title VII, a plaintiff must show (1) membership in a protected class; (2) satisfactory job performance; (3) an adverse employment action; and (4) more favorable treatment of someone outside the protected class with comparable qualifications.[1] *Coleman v. Md. Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010); *see also Royster v. DeJoy*, Civil Action No. GLR-17-2495, 2020 U.S. Dist. LEXIS 159861, at *5 (D. Md. Sep. 1, 2020). "A plaintiff need not allege each element of a *prima facie* case of disparate treatment to withstand dismissal if the allegations in the complaint support a plausible claim of discrimination." *Adams v. Cameron*, Civil Action No. TDC-20-3739, 2021 U.S. Dist. LEXIS 219387, at *21-22 (D. Md. Nov. 12, 2021) (citing *McCleary-Evans v. Md. Dep't of Transp.*, 780 F.3d 582, 584-85 (4th Cir. 2015)).

Similarly, under Maryland's Fair Employment Practices Act ("MFEPA"), "an employer may not fail or refuse to hire, discharge, or otherwise discriminate against any

---

[1] "Like Title VII, 42 U.S.C. § 1981 prohibits, *inter alia*, discrimination in employment on the basis of race." *Weathersbee v. Balt. City Fire Dep't*, 970 F. Supp. 2d 418, 428 (D. Md. 2013) (citing *Yashenko v. Harrah's NC Casino Co., LLC*, 446 F.3d 541, 551-52 (4th Cir 2006)). In a case involving employment discrimination claims under both Title VII and § 1981, "the elements required to establish such a case are the same." *Weathersbee*, 970 F. Supp. 2d at 428 (citing *Love-Lane v. Martin*, 355 F.3d 766, 786 (4th Cir. 2004)). Accordingly, this Court applies the same analysis to Plaintiff's claims under § 1981.

individual with respect to the individual's compensation, terms, conditions, or privileges of employment because of the individual's race." Md. Code Ann., State Gov't § 20-606. "Title VII is the federal analog to [the MFEPA]" and guides interpretation of the MFEPA. *Town of Riverdale Park v. Ashkar*, 474 Md. 581, 255 A.3d 140, 159 (Md. 2021); *see Passwaters v. Wicomico Cnty.*, 824 F. App'x 171, 171-72 n.* (4th Cir. 2020). Accordingly, this Court will analyze Plaintiff's Title VII and MFEPA claims together.[2]

In this case, Plaintiff has failed to allege the necessary elements of a prima facie claim of race-based disparate treatment. While Plaintiff has adequately alleged 1) that he is white and therefore a member of a protected class; 2) that he was told that his job performance was satisfactory such that it merited a $10,000 bonus; and 3) that he suffered an adverse employment action when Defendant fired him, he has not sufficiently alleged that similarly situated employees outside of his protected class received more favorable treatment. Indeed, Plaintiff has not alleged the existence of any similarly situated comparator. *See Haywood v. Locke*, 387 F. App'x 355, 359 (4th Cir. 2010) (noting that Title VII "plaintiffs are required to show that they are similar in all relevant respects to their comparator").

Nevertheless, "[i]n the context of a Title VII case, 'an employment discrimination plaintiff need not plead a *prima facie* case of discrimination' to survive a motion to dismiss." *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 616 (4th Cir. 2020) (quoting *Swierkiewicz*, 534 U.S. at 515). A plaintiff is only "required to allege facts to satisfy the elements of a cause of action

---

[2] Race-based employment discrimination claims brought pursuant to Howard County Code § 12.208 are analyzed under this same framework. *See Rodriguez v. Cellco P'ship*, No. WDQ-11-3299, 2012 U.S. Dist. LEXIS 97738, at *10 (D. Md. July 12, 2012) (analyzing Howard County Code race discrimination claims under the standards of the MFEPA).

6

created by [the Title VII] statute." *McCleary-Evans v. Md. Dep't of Transp.*, 780 F.3d 582, 585 (4th Cir. 2015). In this case, however, Plaintiff has failed to allege facts that show that he was terminated because of his race. The United States Court of Appeals for the Fourth Circuit has held that Title VII does not "limit the discrimination inquiry to the actions or statements of formal decisionmakers for the employer." *Hill v. Lockheed Martin Logistics Mgmt.*, 354 F.3d 277, 290 (4th Cir. 2004). The Fourth Circuit, though, has "decline[d] to endorse a construction of the discrimination statutes that would allow a biased subordinate who has no supervisory or disciplinary authority and who does not make the final or formal employment decision to become a decisionmaker simply because he had a substantial influence on the ultimate decision or because he has played a role, even a significant one, in the adverse employment decision." *Id.* at 291. Plaintiff alleges merely that biased employees pressured Defendant into firing him. He does not allege that those employees had any supervisory or disciplinary authority or that any of them made the formal decision to terminate him. Indeed, he makes no allegation about the positions those employees held at BrightKey. Accordingly, this Court concludes that Plaintiff has failed to allege facts "that plausibly state a violation of Title VII above a speculative level." *Bing*, 959 F.3d at 617 (citing *Coleman v. Md. Ct. App.*, 626 F.3d 187, 190 (4th Cir. 2010)). Plaintiff's race-based discrimination claims are therefore DISMISSED WITH PREJUDICE.

## II.   Political Opinion Discrimination Claim (Count II)

In Count II, Plaintiff claims that BrightKey discriminated against him on the basis of his political opinion in violation of the Howard County Code. Section 12.208 of the Howard County Code provides that "it shall be unlawful if, because of discrimination, an employer

7

discharges a person." That section defines discrimination as "acting or failing to act, or unduly delaying any action regarding any person because of," among other things, "political opinion." Howard County Code, § 12.208. "Title VII," however "has no proscription against private employers making the terms and conditions of employment contingent on political beliefs or behavior." *Woodbury v. Victory Van Lines*, 286 F. Supp. 3d 685, 698 (D. Md. 2017). Accordingly, for the reasons stated below, this Court declines to exercise supplemental jurisdiction over this claim. Count II of the Amended Complaint is therefore DISMISSED WITHOUT PREJUDICE.

### III. Breach of Contract (Count III) and Negligent Misrepresentation (Count IV) Claims

As all of Plaintiff's federal claims, over which this Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331, are subject to dismissal, this Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims for breach of contract and negligent misrepresentation. 28 U.S.C. § 1367(c) provides that a district court "may decline to exercise supplemental jurisdiction over a claim" if "the district court has dismissed all claims over which it has original jurisdiction." *See also Hilliard v. Kaiser Found. Health Plan of the Mid—Atlantic States*, 169 F. Supp. 2d 416, 418-19 (D. Md. 2001). The United States Supreme Court has cautioned against the use of supplemental jurisdiction and suggested that in cases where the federal claims are dismissed before trial, "the state claims should be dismissed as well." *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966); *see also Walker v. City of Salisbury*, 170 F. Supp. 2d 541, 552 (D. Md. 2001) (declining to exercise pendent jurisdiction over plaintiffs' remaining state law claims when the court granted defendants' motion to dismiss all of plaintiffs' federal claims). In this case, Plaintiff's breach of contract and negligent

8

misrepresentation claims sound in Maryland state law. Moreover, unlike Plaintiff's state law employment discrimination claims, his breach of contract and negligent misrepresentation claims are not analyzed under any applicable federal legal framework. Accordingly, this Court declines to exercise supplemental jurisdiction over these claims, and they are DISMISSED WITHOUT PREJUDICE to Plaintiff's ability to raise them in state court.

## CONCLUSION

For the reasons stated above, Defendant BrightKey's Motion to Dismiss (ECF No. 20) is GRANTED. Specifically, Plaintiff's employment discrimination claims in Count I of the Amended Complaint are DISMISSED WITH PREJUDICE,[3] and Plaintiff's state law claims for political opinion discrimination, breach of contract, and negligent misrepresentation in Counts II, III, and IV are DISMISSED WITHOUT PREJUDICE, as this Court declines to exercise supplemental jurisdiction over them.

A separate Order follows.

Dated: March 4, 2022

_____/s/_____

Richard D. Bennett
United States District Judge

---

[3] Given that Plaintiff had an opportunity to amend his initial Complaint, dismissal with prejudice of these claims is appropriate. *See Weigel v. Maryland*, 950 F. Supp. 2d 811, 825-26 (D. Md. 2013) (noting that determination of whether dismissal should be with prejudice is within district court's discretion); *Kitchings v. Integral Consulting Servs., Inc.*, No. PWG-19-3374, 2021 U.S. Dist. LEXIS 146980, at *9-10 (D. Md. Aug. 5, 2021).